```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRYAN M. GIL, et al.,

                    Plaintiffs,
                                                                    **ORDER**
        -against-                                                   CV 06-1683 (LDW)(ARL)

COUNTY OF SUFFOLK, et al.,

                    Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Before the court is the defendants' letter application dated July 6, 2007, seeking a protective order precluding the depositions of Suffolk County District Attorney Thomas J. Spota and former Suffolk County Police Commissioner John C. Gallagher. The plaintiffs oppose the application by letter dated July 11, 2007. For the reasons set forth below, the defendants' motion is granted.

Plaintiff, Bryan Gil, and his mother, Maureen Gil, bring this § 1983 action alleging, *inter alia*, claims of false arrest and malicious prosecution following Bryan Gil's acquittal after a felony bench trial on charges of Robbery in the First and Second Degree. Among others, plaintiffs named Suffolk County District Attorney Thomas J. Spota and former Suffolk County Police Commissioner John C. Gallagher as defendants and have noticed their depositions. According to the plaintiffs, the deposition of Former Police Commissioner Gallagher is relevant because of their allegation that it was Gallagher's failure to properly and adequately train and supervise police officers that led to the constitutional violations claimed. Plaintiffs also assert that the deposition of District Attorney Spota is relevant because he is "the highest-ranking official policymaker about how to request and allocate a budget and how much training his ADAs should have been given about collective evidence from police officers during an investigatory phase and

prior to charges & arraignments of arrestees."

As a threshold matter, by Memorandum & Order dated July 9, 2007, District Judge Wexler granted defendant Spota's motion to dismiss the claims asserted against him. Given that he is no longer a party, the plaintiffs correctly acknowledge that his deposition must be compelled by subpoena. Lane v. Maryhaven Center of Hope, 944 F. Supp. 158, 162-63 (E.D.N.Y. 1996) ("[A] party can be deposed on notice, whereas the deposition of a non-party witness may have to be compelled by subpoena."). Thus, to the extent that plaintiffs continue to seek his testimony, they must serve a subpoena pursuant to Rule 45. Plaintiffs are cautioned, however, that as a general rule high ranking government officials are not subject to depositions. Marisol A. v. Guiliani, No. 95-CV-10533, 1998 WL 132810, at *3 (S.D.N.Y. Mar. 23, 1998) (citing National Nutritional Foods Ass'n v. F.D.A., 491 F.2d 1141, 1144-46 (2d Cir.), cert. denied, 419 U.S. 874 (1974). Where high ranking government officials lack personal knowledge of events they are granted limited immunity from being deposed in order to insure they have time to dedicate to the performance of their governmental functions." Marisol A., 1998 WL 132810, at *3 (citing Warzon v. Drew, 155 F.R.D. 183, 185 (E.D.Wis.1994)). The policy surrounding this privilege is to allow the function and flow of government to proceed unabated. See Capitol Vending Co. v. Baker, 36 F.R.D. 45, 46 (D.D.C. 1964); Church of Scientology v. I.R.S., 138 F.R.D. 9, 12 (D. Mass. 1990). Given that District Attorney Spota has already submitted an affidavit indicating that he lacks personal knowledge of the events in question, plaintiffs should be mindful of this controlling case law in determining what to do.

Similarly, the depositions of former high ranking government officials should not be lightly granted. See Gibson v. New York Police Officer Carmody, 1991 U.S. Dist. LEXIS 11225 * 1 (S.D.N.Y. Aug. 14, 1991). The depositions of former government officials are granted where

the official has been personally involved in the events at issue in the case. See id. at * 2 (permitting deposition of former police commissioner who personally participated in proceedings at issue in case). Where, as here, the former official has no personal knowledge of the events in question and there is reason to believe that the information sought by plaintiffs can be obtained from other sources within the department a protective order should issue. Accordingly, the motion for a protective order with regard to Gallagher's deposition is granted.

Dated: Central Islip, New York  **SO ORDERED:**
July 13, 2007

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge